THE STATE v. DAVIS.

1. **Criminal Law:** FORGERY: ALTERATION OF INDORSEMENT. The alteration of an indorsement of money received, made upon the back of a promissory note and not signed, does not constitute forgery, unless it is shown that the indorsement was intended as a receipt for the benefit of the maker of the note; the presumption otherwise being that it was only a memorandum made by the payee for his own convenience.

*Appeal from Cedar District Court.*

WEDNESDAY, APRIL 7.

*J. F. McJunkin, Attorney General,* and *M. P. Smith, District Attorney,* for appellant.

*Sam. H. Fairall,* for appellee.

ROTHROOK, J. At the November term, 1877, the grand jury returned into court the following indictment:

"To the District Court of said State, within and for said county, at the November term thereof, in the year of our Lord one thousand, eight hundred and seventy-seven, the jurors of the grand jury of the State of Iowa, within and for the said county of Cedar, legally convoked, impaneled, tried, sworn and charged, in the name and by the authority of the State of Iowa, upon their oaths do aver, find and present that Septimus Davis, at and within said county, on the fifth day of May, A. D. 1875, with intent to defraud, did falsely alter and forge on the back of the

promissory note of Samuel Lloyd to the said Septimus Davis, an accountable written receipt for money paid thereon by the said Samuel Lloyd, which promissory note, with the original receipt indorsed thereon, is, and was, in the following words and figures, to-wit:

" $300.00.                                    8TH M., 11th, 1873.

" Twelve months after date, I promise to pay to the order of Septimus Davis, for value received, three hundred dollars, at his residence, with interest at the rate of ten per cent per annum.                                    " SAMUEL LLOYD."

Indorsed as follows:

" Received from S. Lloyd the sum of $120.

" 24–8–74."

" By then and there, with intent to defraud the said Samuel Lloyd, falsely altering said receipt of money paid by said Samuel Lloyd, on said promissory note, from a receipt of payment of one hundred and twenty dollars to a receipt for only twenty dollars, paid as interest, by erasing the figure one (1) before the figures twenty (20) in the numerals representing the dollars in said receipt, and adding the words ' as interest,' thereby making it read as follows:   ' Received from S. Lloyd the sum of $20 as interest, 24–8–74,' thereby increasing a pecuniary demand of the said Septimus Davis against the said Samuel Lloyd, contrary to law.

                                    " M. P. SMITH,
                "Dist. Att'y, 8th Judicial District of Iowa."

The defendant demurred to the indictment on the ground that the indorsement upon the note is not a receipt.   The demurrer was sustained and the defendant discharged.

It will be observed that the indorsement in question is not signed by any one, and whether it was made by the defendant as a mere memorandum to preserve evidence of payment, and for his own convenience, or intended as a receipt for the benefit of the maker of the note, does not appear from any allegation

in the indictment. As the defendant was the payee of the note, in the absence of allegation or proof to the contrary, we think it may well be held that it was a mere memorandum made by the defendant, and not intended as evidence of payment. If this be correct, it was in no sense a receipt, the alteration of which would be forgery.

Counsel for the State rely upon *Kegg v. The State*, 10 Ohio, 75, as being in point, and as holding that the alteration of an indorsement of this character is. forgery. . It appears, from that case, that one Patterson owed Kegg a note of $100. Patterson made a payment of $33.25, and in the presence, and with the concurrence, and by the direction, of Kegg, Patterson made this indorsement on the note. " Rec'd, May 4, 1839, on the within note, thirty-three dollars and 25 cents." Kegg retained the note, and when presented for final adjustment, the indorsement had been altered so as to read "*thirteen*" instead of "*thirty-three*" dollars. Kegg was held guilty of forgery, because the words were indorsed on the note by Patterson by his direction, and the court say that "it is unnecessary to determine what would have been the effect of the indorsement, if made by the payee without the privity and knowledge of the maker." In the case at bar, the indorsement may have been no more than a mere private memorandum made by the payee, never delivered as a receipt, and, not being signed, he had the right to alter it. In the case cited it was the concurrent act of the parties, and was the means employed by them to preserve the evidence of payment. The distinction is apparent. We think the demurrer was properly sustained.

AFFIRMED.