THE STATE v. MILLNER, *Appellant.*

Division Two, December 3, 1895.

1. **Criminal Law:** FORGERY: INDICTMENT: DUEBILL. An indict-ment which charges a defendant with making divers false duebills, which duebills purported to be credited, one of which it sets out according to its tenor and alleges a certain credit thereon and then charges that defendant feloniously altered, forged, and counterfeited "said duebills aforesaid by then and there fraudulently and felo-niously tearing, altering, and detaching therefrom the credits" placed thereon, is insufficient in failing to charge which duebill was altered, torn, etc.

2. ———: ———: DUEBILL, DETACHING CREDIT FROM. Detaching from a duebill a credit entered upon it and passing it for the original amount, does not constitute forgery.

*Appeal from Oregon Circuit Court.*—HON. W. N. EVANS, Judge.

REVERSED.

*A. H. Waller* for appellant.

(1) The court erred in not ruling the state to elect under which count of the indictment it would prosecute. The two counts are inconsistent and repugnant, and were apparently drawn under different sections of the statutes. *State v. Gilmore,* 110 Mo. 6; *State v. Houx,* 109 Mo. 660. (2) The court erred in not arresting the judgment. The second count of the indictment is bad for several reasons, as follows: *First.* Because it is so indefinite and uncertain that it does not apprise appel-lant of the specific charge he is called upon to meet. *Second.* Because it is repugnant and contradictory in that it charges that appellant did feloniously make, alter, and counterfeit divers false, forged, and counter-

feit instruments, etc., * * * one of which said falsely forged and counterfeit instruments, etc., * * * is of the tenor following; and afterward in the same count charges appellant with feloniously altering, forging, and counterfeiting "said duebills aforesaid" by tearing, altering, and detaching therefrom certain credits. There is no provision in our statutes making it a crime to alter or mutilate a forged instrument. Bishop, Crim. Law [8 Ed.], foot page 308, sec. 538. *Third.* Because said second count does not charge any offense under the statute. It is not forgery to sever a credit indorsed on a note or duebill. Bishop, Crim. Law [8 Ed.], foot page 328, sec. 578; *State v. Monnier,* 8 Minn. 212; *State v. McLearn,* 1 Aikens, 311; *State v. Thornbury,* 6 Iredell, 79; *Kegg v. State,* 10 Ohio, 75; *State v. Davis,* 53 Iowa, 752. (3) There was a fatal variance between the charge in the indictment and the proof. *State v. Barnes,* 59 Mo. 154; *State v. Arter,* 65 Mo. 653. (4) The court erred in not setting aside the verdict for failure of proof.

*R. F. Walker,* attorney general, and *Morton Jourdan,* assistant attorney general, for the state.

(1) There was no evidence to support the first count in the indictment, that of forgery; hence the defendant will be presumed to have been convicted under the second count, of the crime of altering and forging said duebill by detaching the credit of $1.50 from the duebill of $2.20; and while the verdict is general, it is sufficient. *State v. Noland,* 111 Mo. 499. (2) Defendant complains that the court committed error in the giving of each of the instructions upon the part of the state. These instructions correctly declare the law, and are in the stereotype form and exceedingly

liberal to the defendant. (3) It is charged that the verdict is against the law and the evidence. This allegation will not avail the defendant here, for the reason that this court will not interfere with verdicts and judgments, except where there is a total failure of proof. *State v. Fischer*, 124 Mo. 460; *State v. Schaeffer*, 116 Mo. 96; *State v. Sanford*, 124 Mo. 484; *State v. Banks*, 118 Mo. 107; *State v. Alfray*, 124 Mo. 393; *State v. Richardson*, 117 Mo. 585; *State v. Moxley*, 115 Mo. 644. (4) Exception is taken to the sufficiency of the second count in the indictment, the one under which the defendant was evidently convicted. While the second count is rather inartificially drawn, yet it sufficiently charges the altering and forging of the duebill, and the judgment should not be reversed on this ground. R. S. 1889, sec. 3646; *State v. Patterson*, 116 Mo. 515.

BURGESS, J.—At the February term, 1895, of the circuit court of Oregon county, the defendant was convicted under an indictment for forgery, and his punishment fixed at two years' imprisonment in the penitentiary. From the judgment and sentence he appealed.

In the first count of the indictment he is charged with having forged the name of T. J. Boyd & Company, to a duebill for the sum of $2.20; and in the second count, with having forged certain other obligations and demands, one of which was for the sum of $2.20, by erasing and detaching therefrom a credit of $1.50 which had been placed thereon by the payers, at defendants request.

It appears from the evidence that during the year 1894 T. J. Boyd & Company were a milling company engaged in business in Thayer, Missouri; that it was their custom to issue duebills in payment of labor and wood; that on the fifteenth day of September

they issued a duebill to the defendant for $2.20; that defendant took the duebill to Boyd & Company, and had them indorse a credit on it for $1.50 which was to be paid to a Mr. Stark by Boyd & Company; that credit of $1.50 was indorsed at the bottom of the duebill as follows: "Received $1.50, millstuff;" that the duebill was again delivered to the defendant, who took it to a merchant in Thayer, where he presented and sold it with the credit torn off for $2.20 trade.

The defendant, testifying in his own behalf, stated that the duebill had been issued to him for $2.20, and that he made a request of Boyd & Company to pay Mr. Stark $1.50 to be, as he understood, charged to him; that he did not see any credit on the duebill when it was taken to and sold to the merchant; that he intended to do Boyd & Company no wrong, but sold the duebill in good faith.

It is conceded by counsel for the state that there was no evidence to support the verdict of the jury under the first count in the indictment, and that unless the conviction can be sustained under the second count the judgment should be reversed.

The second count charged that defendant, "did then and there unlawfully, willfully, and feloniously did make and counterfeit divers false, forged, and counterfeit instruments, duebills, and writings purporting to be the act of T. J. Boyd & Company by which divers pecuniary obligations and demands for the payment of goods, wares, merchandise, rights and property and duebills purporting to be made by T. J. Boyd & Company by which divers pecuniary demands and obligations purported to be credited, one of which said falsely forged and counterfeit instruments, duebills, and writings is of the tenor following, that is to say:   12, 13-94.   Due bearer two dollars and twenty cents in mdse. T. J. Boyd & Company;

which duebills aforesaid was then and there presented by the said Fred Millner at the mill of the said T. J. Boyd & Company, and credited thereon at the bottom of said duebills with one dollar and fifty cents and divers other credits on divers other lost and destroyed duebills aforesaid to the grand jurors unknown, by the said T. J. Boyd & Company. And afterward, to wit, on the fifteenth day of December, 1894, at the county and state aforesaid and at divers other times now here to these grand jurors unknown, the said Fred Millner did then and there unlawfully, willfully, fraudulently and feloniously, did alter, forge, counterfeit said duebills aforesaid by then and there fraudulently and feloniously tearing, altering, and detaching therefrom the credits *therefore* placed by the said T. J. Boyd & Company aforesaid," etc.

The count now under consideration is obnoxious in that it is uncertain as to which one of the instruments mentioned defendant is intended to be charged with feloniously making, altering, and forging. It is true that it sets out one of the instruments according to its tenor, then avers, "which said duebills aforesaid was then presented * * * and credited thereon * * * with one dollar and fifty cents, and other credits on divers other lost and destroyed duebills," then charges defendant with "feloniously altering, forging, and counterfeiting said duebills aforesaid by then and there fraudulently and feloniously tearing, altering, and detaching therefrom the credits therefore placed by the said T. J. Boyd & Company," but it nowhere alleged which particular instrument or duebill was presented and credited with one dollar and fifty cents, which one was lost or destroyed, nor which one was altered by tearing or detaching therefrom any credit placed thereon by said T. J. Boyd & Company, all of which was necessary in order to make a good indictment, and that

defendant might know the nature of the crime with which he was charged. An indictment can not be held good, which simply charges, as in this case, in a general way, the commission of a criminal offense.

Our attention has not been called to, nor have we after careful and diligent search been able to find, any statute making the act of tearing or detaching from a note or duebill, a credit or receipt for money entered on the same piece of paper, forgery. The nearest approach to it is section 3641, Revised Statutes, 1889, which reads as follows:

"Every person who, with intent to injure or defraud, shall falsely make, alter, forge, or counterfeit, any instrument or writing, being or purporting to be the act of another, by which any pecuniary demand or obligation shall be or purport to be transferred, created, increased, discharged, or diminished, or by which any rights or property whatsoever shall be or purport to be transferred, conveyed, discharged, increased, or in any manner affected, the falsely making, altering, forging, or counterfeiting of which is not hereinbefore declared to be a forgery in some other degree, shall, on conviction, be adjudged guilty of forgery in the third degree."

It will be observed that there is nothing said in the statute quoted with respect to tearing or detaching from a note or duebill a receipt or credit for money, and no omission can be supplied in a penal case by intendment. In *State v. McLearn*, 1 Aikens, 311, it is said: "Nothing must be construed to be within a penal statute, but what is fairly within it. The section of the statute which is relied upon for the support of this indictment is composed of particulars, in its description of the offense, and the case before us is not among those particulars. It is a case omitted. That which is called a note, in the statute, can only mean all that

which, connected together, composes the promise or liability from the payor to the payee; and the making or altering any material part of this is termed forgery by the statute. The words assignment or indorsement in the statute, are used as synonymous, and mean a transfer. But if they meant an indorsement of payment, still it is the making or altering them that constitutes forgery. So of the expressions acquittance or receipt for money or other thing, if they would comprehend the indorsement of payment; still it is the making or altering the same that constitutes forgery. The severing such indorsement already made, is a different act. It leaves the indorsement legible, consisting of the same words and letters as before severed. In short, it is not one of those acts pointed out in the statute to be punished as forgery." See 2 Bishop's New Criminal Law, sec. 578.

The receipt or credit on the duebill became no part of it, and if a suit had been brought on the duebill, and the credit had been claimed by the obligor and denied by the holder, other evidence than the mere indorsement or entry of the credit would have been necessary, in order to entitle him to the benefit of the credit. And in such a suit it would not be necessary to make any averment with respect to any credit that may have been entered on the duebill.

The offense attempted to be charged is not for the alteration of the indorsed credit which was held to be forgery in *Kegg v. State*, 10 Ohio, 75, where the credit was entered on the note by the mutual agreement, and in the presence, of the parties thereto, but is for tearing and detaching from the paper upon which the duebill was written the credit entered thereon by agreement of the parties. The ruling in *State v. Davis*, 53 Iowa, 252, was similar to that in the case last cited.

It was said in *State v. Thornburg*, 6 Ired. L. 79,

that "the intentional destruction of an acquittance, in whatever way, can not be either a making a written instrument, or the alteration of, or addition to, a truly written instrument, so as to bring the act within the definition of forgery."

The statute makes it a criminal offense to alter, forge, or counterfeit any instrument or writing, being or purporting to be the act of another, by which any pecuniary demand or obligation shall purport to be increased, discharged, or diminished, but it contains no provision against tearing or detaching from such an instrument any credit or receipt attached.

There is a clear distinction in case a credit is indorsed on the back of a note or duebill, and signed by the payee, or where such credit is indorsed by mutual consent, and subsequently erased, or altered, with intent to defraud, and where the credit is entered below the note on the same piece of paper, with intent to defraud. In the first class of cases the offense would be forgery, within the meaning of the statute; in the latter there being no alteration or change in the words or figures, it would not be.

The indorsement of the credit in the case at bar, formed no part of the duebill, and the detachment thereof by defendant was not forgery within the meaning of the statute. The judgment is reversed and the defendant discharged. GANTT, P. J., and SHERWOOD, J., concur.